UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-129-GWU

DALE W. BANKS,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

**INTRODUCTION**

Dale Banks brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Supplemental Security Income.  The

case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to
      Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
      404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-129  Banks

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)?  If yes, the claimant is disabled.  If no, proceed
        to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.  If no, proceed to Step 7.   <u>See</u> 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

        Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.   Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and</u>

<u>Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

07-129  Banks

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

3

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

07-129  Banks

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

6

07-129  Banks

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley   v.</u>
<u>Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Banks, a 40-year-old
man with a high school equivalent education and no past relevant work history,
suffered from impairments related to depression, anxiety, hepatitis B, and a chest
deformity.  (Tr. 19, 22).  Despite the plaintiff's impairments, the ALJ determined that
he retained the residual functional capacity to perform a restricted range of light
level work.  (Tr. 21).  Since the available work was found to constitute a significant
number of jobs in the national economy, he could not be considered totally disabled.
(Tr. 22-23).  The ALJ based this decision, in large part, upon the testimony of a
vocational expert.  (Tr. 22).

After review of the evidence presented, the undersigned concludes that the
administrative decision is supported by substantial evidence.  Therefore, the court
must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Jackie Rogers
included an exertional limitation to light level work along with such non-exertional
restrictions as a "fair" ability to sustain attention and to perform simple, repetitive
tasks, a "fair" ability to relate to others, a "poor" ability to tolerate stress and
pressure normally associated with work stresses, an inability to perform any work
with the public and a restriction to simple routine, repetitive-type jobs with simple,

7

routine job instructions.  (Tr. 419-420).  In response, the witness identified a significant number of jobs in the national economy which could still be performed. Therefore, assuming that the vocational factors considered by Rogers fairly depicted Banks' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Humilidad Anzures (Tr. 241) and Dr. James Ramsey (Tr. 251), the non-examining medical reviewers, each opined that Banks's physical problems were "less than severe."  The ALJ's restriction of the plaintiff to light level work was at least consistent with these opinions.  No treating or examining source of record, including the staff at Gastroenterology Associates of Hazard (Tr. 118-121), the staff at Appalachian Regional Healthcare (Tr. 122-164, 321-325), Dr. George Caudill (Tr. 165-215, 326-382), the staff at the Mayo Clinic (Tr. 242-250), and the staff at the University of Kentucky Medical Center (Tr. 271-320) reported the existence of more severe physical restrictions than those found by the ALJ.  Therefore, these reports provide substantial evidence to support the administrative decision.

Banks argues that the ALJ erred in evaluating his residual functional capacity, asserting that no medical evidence supported the ALJ's findings and that the ALJ acted as his own medical expert in making this determination.  However, as previously noted, Dr. Anzures and Dr. Ramsey each reviewed the record and

both opined that it did not reveal the existence of "severe" physical limitations. Thus, medical opinions did exist in the record which indicated that the claimant was not disabled.   The administrative regulations recognize that these agency consultants are highly qualified experts in the area of disability evaluation.  20 C.F.R. Section 416.927(f)(2).   While neither reviewer went into great detail concerning how they reached their conclusions, no treating or examining source specifically contradicted their opinions by identifying the existence of more severe physical limitations.  The ALJ, in finding that the plaintiff was physically restricted to light level work, actually gave him the benefit of the doubt.  Despite Banks's claim that his hepatitis B condition caused him to be fatigued, no treating or examining physician imposed any specific restriction relating to this condition.   The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Therefore, the court must reject the plaintiff's argument.

The ALJ also dealt properly with the evidence of record relating to Banks's mental condition.  Psychologist William Rigby, an examining consultant, diagnosed a major depressive disorder and an anxiety disorder.  (Tr. 220).  Rigby opined that the plaintiff would have a "fair" ability to sustain attention and concentration to perform simple repetitive tasks and a "fair" ability to relate to others including fellow workers and supervisors.  (Id.).  The examiner also indicated that the claimant would have a "poor" ability to deal with or tolerate stress and the pressures of work

9

activity.  (Tr. 221).  The mental factors of the hypothetical question were essentially consistent with this opinion.   The record was reviewed by Psychologists Ann Demaree (Tr. 231-232) and Lea Perritt (Tr. 266-267), who each opined that Banks would be "moderately" limited in such areas as (1) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; (2) completing a normal workday or workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; (3) interacting appropriately with the general public; and (4) responding appropriately to changes in the work setting. These restrictions are arguably compatible with the somewhat differently worded mental limitations of the hypothetical question.  Even if not found consistent, the ALJ could defer to the opinion of Rigby, the actual examining source, since the administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you".  20 C.F.R. Section 416.927(d)(1).  Finally, the court notes that the claimant sought treatment for his mental problems at the Cumberland River Comprehensive Care Center.  More severe mental limitations than those presented to the vocational expert were not identified.  (Tr. 283-393).  Therefore, this portion of the administrative decision is also supported by substantial evidence.

Banks argues that if the term "poor" was defined as "no useful ability" and "fair" was defined as "the ability is seriously limited but not precluded," he would be

07-129  Banks

totally disabled.  However, the ALJ did indicate that "poor" would be defined as "seriously limited but not precluded."  (Tr. 420).  This implies a less restrictive definition for "fair."  Such definitions for these terms would be consistent with Rigby's Global Assessment of Functioning (GAF) rating of 58.  (Tr. 220).  Such a GAF suggests the existence of only "moderate" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34.  Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 26th day of March, 2008.



**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

11